IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAHEEM BENJAMIN                              *
            Petitioner,
      v.                                   *   CIVIL ACTION NO. PX-16-3476

RYAN W. HILL, *et al*.                       *
           Respondents.
                                             *****

## MEMORANDUM

On October 17, 2016, Raheem Benjamin, a detainee at the Jail Industries Building in Baltimore, Maryland, filed a document challenging the legality of his confinement. ECF No. 1.   He alleges that there is insufficient probable cause to "support the fact that a crime is or will be committed."   He further raises a naked assertion that the "exclusionary rule" under the Fourth Amendment and his rights under "Miranda"[1] have been violated.   *Id*., pp. 3-4.

The Maryland Judiciary Case Search website confirms that on July 26, 2016, criminal information was filed charging Benjamin with handgun, firearm possession, illegal possession of ammunition, and other counts.   *State v. Benjamin*, Criminal Case No. 116208006 (Circuit Court for Baltimore City) (copy attached). *See* www.casesearch.courts.state.md.us/inquiry.   He is currently awaiting trial on all charges.

To the extent that Benjamin seeks federal court intervention associated with his pending state criminal charges, his case will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed.   Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding).  The abstention doctrine of *Younger* establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam).

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and Aspecial circumstances justify federal review.  *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987).  While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung,* 515 F.2d 437, 449 (3d Cir. 1975).  Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances is shown. *Id.; see also Drayton v. Hayes,* 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial).  Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449.

Benjamin has raised no exceptional circumstances for interfering with the Baltimore City criminal case at this time.  He may raise his Fourth Amendment claims in state court.  A separate Order follows dismissing this case without prejudice.

When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Benjamin has not made the required showing and the court declines to issue a certificate of appealability.

Date: <u>November 3, 2016</u>                    <u>                /S/                </u>
Paula Xinis
United States District Judge